

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 8, 1965

Honorable Henry Wade            Opinion No. C-535
District Attorney
Dallas County                   Re:  Whether the pay raise granted
Dallas, Texas                        by Acts, 59th Legislature,
                                     1965, Chap. 487, p. 999,
                                     operates to forbid the pay-
                                     ment to the County Treasurer
                                     of Dallas County, the compen-
                                     sation established by Art.
                                     8019, V.C.S., for his handl-
                                     ing of the funds of a Levee
Dear Mr. Wade:                       Improvement District.

        You have requested the opinion of this office regarding
the above question.

        The 59th Legislature, by Acts, 59th Legislature, 1965,
Chapter 487, page 999, which is an amendment to Section 8, Arti-
cle 3883i, Vernon's Civil Statutes, authorized certain counties
to grant salary increases to enumerated county officials.  One
of these county officials is the County Treasurer of Dallas
County.  The said enactment also contains the following pro-
vision:

        "Sec. 2.  All other salary and compensation laws
        applicable to the officials named in this Act
        are hereby repealed to the extent that they are
        in conflict with this Act."

        A question has arisen as to whether, because of the above-
quoted provision, the County Treasurer is barred from receiving
the compensation provided for in Article 8019, Vernon's Civil
Statutes, which is quoted in pertinent part as follows:

        "The county treasurer of the county, the commis-
        sioners' court of which has jurisdiction, shall
        be treasurer of all levee improvement districts
        of which such court has jurisdiction, and as such
        shall execute a good and sufficient bond, payable
        to the levee improvement district, in a sum equal
        to one and one-fourth of the taxes contemplated to
        be paid over in any one year. . . . The treasurer,
        as compensation for his services, shall be allowed

           not exceeding one-fourth of one per cent upon
sums received by him by and on behalf of such
levee improvement district."

        It is apparent that the compensation provided for in
the foregoing statute is for additional duties over and above
the regular duties as County Treasurer. Accordingly, it is
the opinion of this office that the compensation provided for
by Article 8019 does not conflict with Acts, 59th Legislature,
1965, Chapter 487, page 999, but merely constitutes an addition-
al compensation for an additional duty. Article 8019 thus con-
tinues in full force and effect.

## SUMMARY

        There is no conflict between Article 8019,
V.C.S., and Acts, 59th Leg., 1965, Chap. 487,
p. 999. The County Treasurer is thus entitled
to continue receiving compensation for the per-
formance of his additional duties of handling
the funds of levee improvement districts within
his county.

                    Yours very truly,

                    WAGGONER CARR
                    Attorney General

        By                    
             Malcolm Quick
             Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
Wade Anderson
John Reeves
Terry Goodman

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright